IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| GARY NEWELL, II,<br>　　Plaintiffs, | § § § | |
| v. | § | CIVIL ACTION NO. 2-09-cv-00058 (TJW) |
| MORAN TOWING CORPORATION,<br>　　Defendant. | § § § § § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant Moran Towing Corporation's ("MTC") Motion to Transfer Venue Subject to Defendant's Rule 12(b)(2) Motion to Dismiss. [Dkt. No. 18] After considering the parties' arguments and the applicable law, the Court is of the opinion that MTC's motion should be DENIED.

**I.　Background**

Mr. Newell, a resident of Milam, Texas, filed this lawsuit alleging that he sustained injuries during an accident aboard a tugboat owned and operated by MTC. MTC is a New York corporation with a principal place of business in Connecticut. The tugboat was in open water at the time of the accident. This Court found that MTC was subject to personal jurisdiction in Texas, denying MTC's motion to dismiss in an order dated September 28, 2009. [Dkt. No. 17] MTC now requests that this Court transfer the case to the Southern District of New York, the Connecticut District, or the New Jersey District pursuant to 28 U.S.C. § 1404.

**II.　Legal Standard**

"For the convenience of parties, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The district court has "broad discretion in deciding whether to order a transfer."

*Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1998) (quoting *Caldwell v. Palmetto State Sav. Bank*, 811 F.2d 916, 919 (5th Cir. 1987)).

The Fifth Circuit has recently clarified the standard that district courts in this circuit should apply in deciding motions to transfer venue. *In re Volkswagen of America, Inc*., 545 F.3d 304 (5th Cir. 2008) (en banc), *cert. denied*, *Singleton v. Volkswagen of Am., Inc.*, No. 08-754, 2009 WL 425117 (Feb. 23, 2009). The Court ruled that "§ 1404(a) venue transfers may be granted upon a lesser showing of inconvenience than *forum non conveniens* dismissals," and that "the burden that a moving party must meet to justify a venue transfer is less demanding than that a moving party must meet to warrant a *forum non conveniens* dismissal." *Id*. at 314 (citing *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955)). The Court held that moving party bears the burden of showing "good cause," which the Court explained is satisfied "when the movant demonstrates that the transferee venue is clearly more convenient." *Id*.

The Court noted, however, that the relevant factors to be considered in ruling on a 1404(a) motion are the same as those in the *forum non conveniens* context. *Id*. at 314, n. 9 (citing *Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.,* 321 F.2d 53, 56 (5th Cir. 1963)). These include both private and public interest factors. *Id.* The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. *Id*. (citing *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004)). The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law." *In re Volkswagen*,

545 F.3d at 315. These factors are not necessarily exhaustive or exclusive, and none can be said to be of dispositive weight. *Id.* (citing *Action Indus., Inc. v. U.S. Fid. & Guar. Corp.*, 358 F.3d 337, 340 (5th Cir. 2004)). Furthermore, the Circuit held that the movant's "good cause" burden reflects the appropriate deference to plaintiff's choice of forum. *Id.* at 315.

The Federal Circuit applies regional circuit law to district court decisions related to venue. *See In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008) (applying the Fifth Circuit's *en banc Volkswagen* decision to this Court's transfer order).

### III. Discussion

#### A. Convenience of the Parties and Witnesses and Cost of Attendance for Witnesses

The Fifth Circuit has established a threshold of 100 miles when giving substantial weight to this factor. *See In re Volkswagen,* 371 F.3d at 204-05. ("When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be travelled."). The Court reasoned that "[a]dditional distance means additional travel time; additional travel time increases the probability for meal and lodging expenses; and additional travel time with overnight stays increases the time which these fact witnesses must be away from their regular employment." *Id.* Mr. Newell is in Milam, Texas. Mr. Newell's treating physicians, the only identified non-party witnesses, are in Tyler, Texas. Both Milam and Tyler are within 100 miles of Marshall, Texas. MTC is in New Canaan Connecticut, which is within 100 miles of the District of Connecticut. Even though the MTC's location is closer to the proposed transferee venues, MTC has not shown that the District of Connecticut (or any of the other proposed venues) is clearly more convenient for the parties and witnesses. The Court finds that this factor weighs against transfer.

**B. The Relative Ease of Access to Sources of Proof**

Despite the fact that access to some sources of proof presents a lesser inconvenience now than it might have absent recent developments, this alone does not render this factor superfluous and cannot be read out of the § 1404(a) analysis. *In re Volkswagen*, 545 F.3d at 316. The accident took place aboard a tugboat, which has no specific location. Other sources of proof include Mr. Newell's medical records (within 100 miles of Marshall, TX) and MTC's documents (within 100 miles of the District of Connecticut). MTC has not shown that it will suffer significant inconvenience producing documents and evidence if the case proceeds in Marshall, TX as compared to the District of Connecticut. Therefore, this factor weighs against transfer.

**C. The Availability of Compulsory Process to Secure the Attendance of Witnesses**

Federal Rule of Civil Procedure 45(b)(2) governs the places where a subpoena issued by a court of the United States may be served. However, a court's subpoena power is subject to Rule 45(c)(3)(A)(ii), which protects nonparty witnesses who work or reside more than 100 miles from the courthouse. *See In re Volkswagen*, 545 F.3d at 316. The treating physicians, which are the only likely non-party witnesses in this case, are within the subpoena power of the Eastern District of Texas. Therefore, the Court concludes that this factor weighs against transfer.

**D. Administrative Difficulties Flowing from Court Congestion**

The court is unaware of any administrative difficulties that would arise from transferring or retaining this case. Therefore, the court finds this factor is neutral as to transfer.

**E. Local Interest in Having Localized Interests Decided at Home**

Transfer is appropriate where none of the operative facts occurred in the division and where the division had no particular local interest in the outcome of the case. *See In re Volkswagen*, 545 F.3d at 318. In such a case, courts may look to where the incident occurred, where the witnesses live, where the evidence is located, where the parties live, and where the vehicle was purchased.

*Id.* As discussed earlier, the plaintiff, his family, his family, and a number of witnesses live in the Eastern District of Texas. Given these facts, the Court finds that Eastern District of Texas has a significant interest in this case. This factor weighs against transfer.

**F. The Avoidance of Unnecessary Problems of Conflict of Laws**

The court finds that this factor is inapplicable in this transfer analysis.

**G. Judicial Economy**

Both the proposed transferee forums and this division are equally capable of resolving this case efficiently, with little impact to judicial economy. Therefore, the court finds this factor is neutral as to transfer.

**IV. Conclusion**

The court has balanced all of the relevant factors. The Court finds that the proposed transferee forum is not clearly more convenient than the plaintiff's forum choice. Therefore, the court DENIES defendant's motion to transfer.

It is so ORDERED.

SIGNED this 24th day of February, 2010.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE